# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:17-CR-00025 |
| v. | (Judge Brann) |
| DAVID DEWALD, | |
| Defendant. | |

## MEMORANDUM OPINION

### JANUARY 18, 2019

Before the Court is Defendant David Dewald's Motion to Suppress Evidence. For the following reasons, that motion will be denied.

**I.  BACKGROUND**

In 2016, David Dewald was arrested in Delaware County, Pennsylvania, and charged with rape, involuntary deviate sexual intercourse, statutory sexual assault, unlawful contact with a minor, and kidnapping of a minor—10 offenses in total.[1]

Police were able to intercept Dewald after his victim, a 14-year-old girl named B.P., described to law enforcement how Dewald communicated with her. According to B.P., Dewald made contact with B.P. using an internet messaging application called "KIK." Dewald sent her sexually aggressive messages and eventually, he persuaded her to meet. When Dewald arrived at B.P.'s home in

---

[1]  Criminal Complaint (ECF No. 19-1).

1

Eddystone, Delaware County, B.P. explained that she was scared and entered his car. Dewald drove her back to his home in Bloomsburg, Columbia County. While en route, Dewald forced her to perform oral sex. When they arrived at Dewald's apartment, Dewald raped her. He then drove B.P. back to Delaware County, and threatened her not to tell anyone.

After this encounter, Dewald continued to communicate with B.P using an unspecified application that allows free text messages and phone calls, and Dewald asked B.P. to meet him a second time. Police reviewed text messages between Dewald and B.P. and confirmed the time and location of this meeting. With B.P.'s father's consent, police recorded a conversation between B.P. and Dewald as he drove toward Delaware County. In this conversation, Dewald acknowledged the age difference between himself (a 40-year-old man) and B.P., and told the B.P that he expected her to perform oral sex on him. Dewald also stated that he was worried about getting caught by police.

Police assembled at the location Dewald intended to meet B.P., and when he arrived, he was taken into custody without incident. When police asked Dewald what he was doing, he stated that he was there to meet his friend, B.P. After securing Dewald, police confiscated an iPhone that they saw in the center console of Dewald's car.

According to police, sometime thereafter Dewald's mother and sister became worried about Dewald's whereabouts and turned over a laptop computer to Bloomsburg police hoping that the device contained information that could help locate Dewald. Dewald's sister told police that she removed the laptop from Dewald's apartment before learning that he was arrested. She also told police that Dewald talks to people online.

With Dewald in custody and Dewald's iPhone and laptop in hand, police applied for two search warrants—one to search the iPhone, and one to search the laptop.[2] In those searches, police discovered sexually explicit communications between Dewald and B.P., as well as communications between Dewald and four other victims.[3] Dewald had solicited both sex and sexual pictures from these victims. Communications between Victims #1 and #2 were found on the laptop, while communications between Victims #4 and #5 were found on the iPhone.

Based in part on this evidence, Dewald was federally indicted on five counts relating to inducing minors to engage in sexually explicit conduct and transporting images of that conduct through interstate commerce.[4] Dewald plead not guilty,[5] and filed the present motion to suppress evidence obtained from the iPhone and

---

[2] iPhone Warrant (ECF No. 19-2); Laptop Warrant (ECF No. 19-4).
[3] Forensic Report (ECF No. 19-3).
[4] Indictment (ECF No. 1). Dewald was indicted on violations of 18 U.S.C. § 2251(a) and (e) (Count I); 18 U.S.C. § 2422(b) (Count II); 18 U.S.C. § 2251(a) and (e) (Count III); 18 U.S.C. § 2422(b) (Count IV); 18 U.S.C. § 2422(b) (Count V).
[5] Not Guilty Plea (ECF No. 12).

laptop.[6] Dewald argues that the warrants authorizing searches of his iPhone and laptop violated the Fourth Amendment's particularity requirement.[7] The government denies that the warrants were unconstitutionally general or overbroad, and argues that even if they were, any evidence obtained from them need not be suppressed because officers acted in good faith.[8] This Court convened an evidentiary hearing on January 14, 2019 and the matter is now ripe for disposition.

## II. DISCUSSION

Pursuant to the Fourth Amendment's prohibition on "unreasonable searches and seizures,"[9] police must generally obtain a warrant before conducting a search.[10] A valid search warrant must be (1) be based on probable cause; (2) be supported by a sworn affidavit; (3) describe particularly the place of the search; and (4) describe particularly the persons or things to be seized.[11]

The purpose of the Fourth Amendment's particularity requirement is to prevent general exploratory searches.[12] A warrant offends the particularity requirement when it amounts to a "general warrant" or one that is unconstitutionally overbroad. A general warrant "vest[s] the executing officer with unbridled discretion to conduct an exploratory rummaging ... in search of criminal

---

[6] First Motion to Suppress (ECF No. 19).
[7] Brief in Support (ECF No. 20).
[8] Brief in Opposition (ECF No. 30).
[9] U.S. Const. amend. IV.
[10] *See, e.g.*, *Maryland v. Dyson*, 527 U.S. 465, 466 (1999).
[11] *See, e.g.*, *Groh v. Ramirez*, 540 U.S. 551, 557 (2004).
[12] *Maryland v. Garrison,* 480 U.S. 79, 84 (1987).

evidence."[13] An overbroad warrant "describe[s] in both specific and inclusive generic terms what is to be seized, but ... authorizes the seizure of items as to which there is no probable cause."[14]

### A. Whether Evidence Seized from Dewald's iPhone Must Be Suppressed

*1. The iPhone warrant is not a general warrant.*

Dewald argues that search of his iPhone was effectuated pursuant to an unconstitutional general warrant. He contends that the affidavit of probable cause was not expressly incorporated into the iPhone warrant, and as a result, the warrant's authorization to search for and seize "[a]ll images, text message [sic], social media data, and applications related to the criminal investigation into PA Title 18, Section 3121, 2901, 3123 and related offenses" amounted to a general warrant.[15] Dewald further argues the phrase "and related offenses" does not identify with particularity which offenses are related to rape (18 Pa.C.S. §3121), kidnapping (18 Pa.C.S. § 2901) and involuntary deviate sexual intercourse (18 Pa.C.S. § 3123).[16] Thus, according to Dewald, the warrant authorized a general, exploratory search violating the Fourth Amendment's particularity requirement.[17]

---

[13] *United States v. Leveto,* 540 F.3d 200, 211 (3d Cir. 2008).
[14] *U.S. v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars and Fifty-Seven Cents ($92, 422.57)*, 307 F.3d 137, 149 (3d Cir. 2002) (citation omitted).
[15] Brief in Support (ECF No. 20) at 7-8.
[16] *Id.*
[17] *Id*. at 7.

Dewald's argument fails. First, the iPhone warrant incorporated the probable cause affidavit. The Supreme Court has explained that a warrant may incorporate a supporting application or affidavit "so long as the warrant cross-references the supporting document and the document accompanies the warrant."[18] Here, both the warrant and probable cause affidavit are located in one, contiguous, five-page document titled "Application for Search Warrant and Authorization"—the warrant occupies page one, and the probable cause affidavit occupies pages two through five.[19] The warrant twice references the probable cause affidavit.[20] All pages are numbered in sequence. And the officer executing the iPhone warrant testified that the entire five-page document was present at the time of the search.[21] These factors suggest that the affidavit is either part of the warrant itself, attached to it, or incorporated by reference.[22]

---

[18] *United States v. Yusuf*, 461 F.3d 374, 393 (3d Cir. 2006) (citing *Groh v. Ramirez,* 540 U.S. 551, 558 (2004)); *see also See also Doe v. Groody,* 361 F.3d 232, 239 (3d Cir. 2004) ("[I]t is perfectly appropriate to construe a warrant in light of an accompanying affidavit or other document that is incorporated within the warrant. But to take advantage of this principle of interpretation, the warrant must expressly incorporate the affidavit."); *United States v. Johnson,* 690 F.2d 60, 64 (3d Cir. 1982) ("When a warrant is accompanied by an affidavit that is incorporated by reference, the affidavit may be used in construing the scope of the warrant.").

[19] iPhone Search Warrant (ECF No. 19-2).

[20] The warrant contains language explaining that the "Probable Cause Affidavit(s) MUST be attached" and that the entire search warrant application comprises five pages. Toward the bottom of the warrant, the issuing authority section explicitly references the affidavit, stating that "facts have been sworn to or affirmed before me by written affidavit(s) attached hereto from which I have found probable cause…." *See* iPhone Search Warrant (ECF No. 19-2).

[21] *Id.*

[22] *cf. United States. v. Wecht*, 619 F.Supp.2d 213, 226 (W.D.Pa. 2009) (explaining that search warrant was deficient when it "did not incorporate by reference the search warrant

At the suppression hearing, Dewald narrowed his objection to sections titled "Identify Items to be Searched for and Seized" and "Specific Description of Premises and or Person to be Searched," arguing that the affidavit is not specifically mentioned therein. But he cites to no authority that would suggest that an affidavit is *only* incorporated when it is expressly mentioned in those locations. Indeed, courts would seem to reject such an overly technical reading.[23] Therefore, I conclude that the iPhone warrant incorporated the probable cause affidavit.

Second, the iPhone warrant is not a general warrant. For a warrant to be invalidated as general, it must "vest the executing officers with unbridled discretion to conduct an exploratory rummaging through [defendant's] papers in search of criminal evidence."[24] Here, the warrant confined the officers' discretion by limiting their search to a specific place (Dewald's iPhone) and limiting their search to specific categories of evidence (images, text messages, social media data,

---

application or affidavit of probable cause, nor were such documents attached to the warrant or present at the time of the search") (citing *Groh v. Ramirez,* 540 U.S. 551, 668 (2004)).

[23] *See United States v. Hawkins*, No. 1:11cr61, 2014 WL 7335638, at * (W.D.Pa. Dec. 19, 2014) ("[a] warrant is to be read as a whole and its supporting affidavit likewise 'is to be read in its entirety and in a common sense, nontechnical manner.'") (citation omitted)).

[24] *United States v. Christine,* 687 F.2d 749, 753 (3d Cir.1982); *see also Coolidge v. New Hampshire,* 403 U.S. 443, 467 (1971) (explaining that general warrant authorizes "a general, exploratory rummaging in a person's belongings"); *cf. id* (explaining that examples of general search warrants are those authorizing searches for and seizures of such vague categories of items as " 'smuggled goods,' " " 'obscene materials,' " " 'books, records, pamphlets, cards, receipts, lists, memoranda, pictures, recordings and other written instruments concerning the Communist Party of Texas,' " " 'illegally obtained films,' " and " 'stolen property'").

and applications) related to specific statutory offenses (rape, kidnapping, involuntary deviate sexual intercourse).

The supporting affidavit enhanced the specificity of the warrant because it identified Dewald's victim, B.P., and identified the nature of the unlawful communications believed to be on Dewald's iPhone in violation statutes criminalizing sexual offenses. Courts have not suppressed evidence obtained pursuant to warrants that identify specific devices, enumerate specific crimes, and categorically delineate the type of evidence police are authorized to seize.[25] In sum, the warrant did not authorize officers to engage in exploratory rummaging; they were authorized only to search for and seize evidence of the sexual abuse offenses as set forth in the warrant and in the accompanying affidavit.[26]

---

[25] *See United States v. Yusuf,* 461 F.3d 374, 393 (3d Cir. 2006) (explaining that particularity clause was not violated where warrants authorized search for evidence of certain enumerated crimes, the search was limited in time, and the search was limited in by subject matter); *United States v. Karrer,* 460 F. App'x 157, 161 (3d Cir. 2012) (explaining that a warrant to seize images of child pornography obtained pursuant to images discovered during initial search for evidence involving unlawful contact with a minor was not a general warrant where it "identified particular devices and file types to be searched for evidence of a specific statutory offense."); *United States v. Atwell*, 289 F.Supp.2d. 629, 635 (W.D.Pa. 2003) (citing *Christine,* 687 F.2d at 760) ("The use of generic classifications in a warrant is [sufficient] to delineate the categories of items to be seized when, due to the circumstances of the investigation, a more precise description is not feasible."); *Hawkins*, 2014 WL 7335638, at *5-6 (warrant limited search to defendant's apartment and computer devices used therein, the warrant identified the statutory violation for which evidence was sought, and "the nature of the contraband believed to be possessed in violation of that statue was identified in specific detail in the accompanying affidavit").

[26] *See Hawkins*, 2014 WL 7335638, at *5 ("The executing officers were not given unbridled discretion to engage in exploratory rummaging in search of any evidence of criminal wrongdoing. They were authorized only to search for and seize evidence of the violation of the criminal offense of sexual abuse of children as set forth in the affidavit, namely the

To the extent Dewald argues that allowing officers to search for evidence for "related offenses" transforms the warrant into a general warrant, his argument fails. Read as a whole in a "common sense, nontechnical manner,"[27] the warrant and affidavit limited officers' discretion by authorizing their search for and seizure of electronic data related to certain offenses. That is, the warrant and accompanying affidavit do not authorize a search for evidence related to *any* criminal offense, but to the criminal offenses of rape, kidnapping, involuntary deviate sexual intercourse, other similar or "related" offenses.[28]

In sum, the iPhone warrant does not amount to an unconstitutional general warrant, and consequently, the warrant does not offend the Fourth Amendment's particularity requirement.

---

receipt, possession and distribution of images of child pornography. Consequently, the warrant was not a general one in violation of the Fourth Amendment.").

[27] *United States v. Ninety—Two Thousand Four Hundred Twenty–Two Dollars and Fifty–Seven Cents ($92,422.57)*, 307 F.3d 137, 149–50 (3d Cir. 2002) (quoting *United States v. Miknevich,* 638 F.3d 178, 182 (3d Cir. 2011)).

[28] *See United States v. Karrer*, 460 Fed.Appx. 157, 161 (3d Cir. 2012) (explaining that language authorizing search for "such evidence of a criminal offense" does not make a warrant a general warrant because "'such evidence of a criminal offense' refers not to *any* criminal offense, but to the criminal offense of unlawful contact with a minor defined throughout the remainder of the warrant and affidavit"); *United States v. Conley,* 4 F.3d 1200, 1207–08 (3d Cir. 1993) ("Read as a whole, the search warrant allows the seizure of items indicative of an illegal gambling operation. Since the warrant limits the search to items related to an illegal gambling operation, there is sufficient specificity, satisfying the particularity requirement of the Fourth Amendment.").

*2. Evidence concerning Victim #4 and Victim #5 need not be suppressed.*

Dewald alternatively argues that the iPhone warrant only authorized searching for and seizing evidence related to communications between Dewald and B.P.[29] According to Dewald, then, evidence regarding communications between Dewald and Victim #4 and Victim #5 must be suppressed because they fell outside the scope of the iPhone warrant.

Even if there were some basis to conclude that the iPhone warrant's scope limited the officer's search to communications between Dewald and B.P, a conclusion I doubt but do not reach,[30] the plain view doctrine renders communications between Dewald and Victims #4 and #5 admissible. In *United States v. Stabile*, the United States Court of Appeals for the Third Circuit held that "the plain view doctrine applies to seizures of evidence during searches of computer files," noting that "the exact confines of the doctrine will vary from case to case in a commonsense, fact-intensive manner."[31] Under the plain view doctrine, evidence obtained in violation of the Fourth Amendment need not be suppressed so long as three requirements are met: "First, the officer must not have violated the Fourth Amendment in 'arriving at the place from which the evidence

---

[29] Brief in Support (ECF No. 20) at 9.
[30] *See United States v. Lackner*, 535 Fed.Appx. 175, 179 (3d Cir. 2013) (explaining that when laptop warrant extended search to evidence "relevant to any prosecution of the designated offense," the fact that discovered evidence on a laptop depicting a second minor victim "does not invalidate the seizure or the search").
[31] *United States v. Stabile*, 633 F.3d 219, 240-41 (3d Cir. 2011).

10

could be plainly viewed.' Second, the incriminating character of the evidence must be 'immediately apparent.' Third, the officer must have 'a lawful right of access to the object itself.'"[32]

Here, the first requirement is met. Communications between Dewald and Victim #4 and Victim #5 were discovered while the officer searched through the iPhone's messaging applications.[33] Police did not violate the Fourth Amendment by searching through the iPhone's messaging applications because the iPhone warrant authorized police to search those locations for evidence of unlawful communications between B.P. and Dewald. The second requirement is met because testimony adduced at the suppression hearing allows me to conclude that that officer searching Dewald's iPhone had probable cause to believe that lurid communications between Dewald and Victims #4 and #5 evidenced a crime.[34] The third requirement is met because police used reasonable means (searching through the iPhone's messaging applications) to obtain the objects described in the warrant

---

[32] *United States v. Menon,* 24 F.3d 550, 559 (3d Cir.1994) (quoting *Horton v. California,* 496 U.S. 128, 141 (1990)).
[33] Forensic Report (ECF No. 19-3).
[34] "As for the 'immediately apparent' requirement, the appropriate standard to apply is probable cause." *United States v. Ballard*, No. 11–455, 2012 WL 28079, at *14 (E.D.Pa. Jan. 5, 2012) (citing *Texas v. Brown,* 460 U.S. 730, 741–42 (1983) (explaining that the "seizure of property in plain view ... is presumptively reasonable, assuming there is probable cause to associate the property with criminal activity")). The *Ballard* court explained that "[t]his element does not require actual knowledge. Rather, the probable cause standard 'merely requires that the facts available to the officer would warrant a [person] of reasonable caution in the belief that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false.'" *Id.* (citation omitted).

(communications related to sexual offenses with B.P.).[35]  Therefore, I conclude that communications between Dewald and Victims #4 and #5 are admissible.

## B. Whether Evidence Seized from Dewald's Laptop Must Be Suppressed

Dewald argues that the laptop warrant did not expressly incorporate the attached probable cause affidavit, and accordingly, the laptop warrant—which authorizes the search for and seizure of "evidence related to violations of … [18 Pa.C.S.] Sections 3121 Rape, 2901 Kidnapping, 3122 Statutory sexual assault, 3123 IDIS, 3125 Aggravated indecent assault, and 6301 Corruption of minors including but not limited to Images, documents, to include in electronic form, stored communications including contact information, text messages, call logs, Internet searches, Internet history, and any other electronic data or other memory features contained in the device"—amounts to either a general warrant or one that is unconstitutionally overbroad (but Dewald does not specify under which theory he seeks suppression).[36]

Like the iPhone warrant, the laptop warrant is constitutionally sound. First, Dewald's repeated argument that the probable cause affidavit was not expressly

---

[35] *See Menon,* 24 F.3d at 560 (explaining officers have a "lawful right of access to the object" and the search is within the scope of the warrant "if [it] fits within the literal terms of the warrant and is a reasonable means of obtaining the objects described in the warrant"); *United States v. Fumo,* No 06–319, 2007 WL 3232112, at *6 (E.D.Pa. Oct. 30, 2007) ("Regardless of the search protocols or keywords used by the government, the government may open and briefly examine each computer file to determine whether it is within the description recited in the warrant.").

[36] *See* Brief in Support (ECF No. 20) at 10-11.

incorporated into the laptop warrant fails here for identical reasons discussed *supra*. To summarize, the laptop warrant and accompanying affidavit form one contiguous document, the warrant explicitly references the affidavit in two locations, and the officer executing the laptop warrant testified that the entire five-page document was present at the time of the search.[37]

Second, the laptop warrant is not a general warrant. Recall that for a warrant to be invalidated as general, it must "vest the executing officers with unbridled discretion to conduct an exploratory rummaging through [defendant's] papers in search of criminal evidence."[38] Here, the warrant confined the officers' discretion by limiting their search to a specific place (Dewald's laptop) and limiting their search to specific categories of evidence (electronic data related to sexual offenses). Further, the supporting affidavit enhanced the specificity of the warrant: it identified Dewald's victim, B.P., and identified the nature of the unlawful

---

[37] *See United States v. Yusuf*, 461 F.3d 374, 393 (3d Cir. 2006) (citing *Groh v. Ramirez,* 540 U.S. 551, 558 (2004)) (explaining that a warrant may incorporate a supporting application or affidavit "so long as the warrant cross-references the supporting document and the document accompanies the warrant"); *cf. United States. v. Wecht*, 619 F.Supp.2d 213, 226 (W.D.Pa. 2009) (explaining that search warrant was deficient when it "did not incorporate by reference the search warrant application or affidavit of probable cause, nor were such documents attached to the warrant or present at the time of the search).

[38] *United States v. Christine,* 687 F.2d 749, 753 (3d Cir.1982); *see also Coolidge v. New Hampshire,* 403 U.S. 443, 467 (1971) (explaining that general warrant authorizes "a general, exploratory rummaging in a person's belongings"); cf. id (explaining that examples of general search warrants are those authorizing searches for and seizures of such vague categories of items as " 'smuggled goods,' " " 'obscene materials,' " " 'books, records, pamphlets, cards, receipts, lists, memoranda, pictures, recordings and other written instruments concerning the Communist Party of Texas,' " " 'illegally obtained films,' " and " 'stolen property'").

communications believed to be on Dewald's laptop in violation of those enumerated criminal statutes. Like the iPhone warrant, the laptop warrant did not authorize officers to engage in exploratory rummaging for *any* criminal offense; officers were authorized only to search for and seize evidence of the specific sexual offenses set forth in the warrant and in the affidavit.[39]

Insofar as Dewald argues that the laptop warrant failed to impose meaningful limits on the officer's discretion because it authorized rummaging through all of Dewald's laptop files, courts agree that a warrant authorizing a broad search of computer files is reasonable in light of the nature of searching electronic documents.[40] As the officers explained the affidavit, given the nature of computer files and their familiarity with "the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities,"[41] it would be impossible to identify *ex ante* the precise electronic locations or file types that would house the suspected

---

[39] *See United States v. Hawkins*, No. 1:11cr61, 2014 WL 7335638, at * (W.D.Pa. Dec. 19, 2014) ("The executing officers were not given unbridled discretion to engage in exploratory rummaging in search of any evidence of criminal wrongdoing. Theywere authorized only to search for and seize evidence of the violation of the criminal offense of sexual abuse of children as set forth in the affidavit, namely the receipt, possession and distribution of images of child pornography. Consequently, the warrant was not a general one in violation of the Fourth Amendment.").

[40] *See United States v. Karrer*, 460 Fed. Appx. 157, 161-62 (3d Cir. 2012) (explaining that "warrant's authorization to search and seize virtually all computer-related items in [defendant's] home [did] not invalidate the warrant") (citing *92,422.57,* 307 F.3d at 149–50).

[41] Laptop Warrant (ECF No. 19-4) at 2.

evidence.[42] The officer's broad analysis of the laptop's files, including searching through hidden and deleted files, was not exploratory rummaging; it was necessary to search for and seize evidence of Dewald's alleged wrongdoing. Accordingly, the officers' discretion was sufficiently limited, and the warrant was not a general warrant.

To the extent Dewald argues that the laptop warrant was unconstitutionally overbroad, his argument fails. An overbroad warrant "describe[s] in both specific and inclusive generic terms what is to be seized, but ... authorizes the seizure of items as to which there is no probable cause."[43] Probable cause exists "where the totality of the circumstances suggests 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'"[44]

Here, the probable cause affidavit presented the magistrate with a substantial basis to believe that Dewald's laptop contained evidence of unlawful communications—both with B.P. and other victims. In addition to describing how Dewald communicated with B.P. using electronic messaging applications, the affidavit explains that Dewald's sister turned over Dewald's laptop to police

---

[42] *See United States v. Stabile*, 633 F.3d 219, 237 (3d Cir. 2011) ("[I]t is clear that because criminals can—and often do—hide, mislabel, or manipulate files to conceal criminal activity, a broad, expansive search of the hard drive may be required.").

[43] *$92, 422.57*, 307 F.3d at 149 (citation omitted).

[44] *Karrer*, 460 Fed.Appx. at 162 (citing *Illinois v. Gates,* 462 U.S. 213, 238 (1983)); *United States v. Deaner,* 1 F.3d 192, 196 (3d Cir.1993) (explaining that a search warrant is supported by probable cause when the attached affidavit sets forth sufficient facts and circumstances to justify a reasonable belief that a search of the specified premises will uncover evidence of criminal wrongdoing).

believing that he used the device to communicate with people online. Under these circumstances, it is reasonable to infer that the laptop may contain evidence unlawful communications between both B.P. and additional victims.[45]

In sum, the warrant's supporting affidavit described the sexually explicit conversations Dewald had with B.P., and established probable cause to believe Dewald committed the enumerated sexual offenses; the Third Circuit has concluded that such a warrant is neither general nor overbroad.[46] Accordingly, the laptop warrant does not offend the Fourth Amendment's particularity requirement.[47]

---

[45] *See United States v. Loy,* 191 F.3d 360, 366 (3d Cir. 1999) (explaining that "[i]n making the probable cause determination, the issuing magistrate may draw reasonable inferences from the material provided in the warrant application").

[46] *See United States v. Morgan*, 562 Fed.Appx. 123, 128 (3d Cir. 2014) (concluding that warrant was neither general nor overbroad because "the warrant … specified that the search was limited to particular items that could provide evidence of the crimes for which probable cause was established: child pornography images; sexual communications with and about a child; and materials related to sexual offenses against and involving children").

[47] I note that even if the laptop warrant was unconstitutionally overbroad, evidence need not be suppressed where officers act in good-faith and "reasonably believe that a search is authorized." *United States v. Ninety—Two Thousand Four Hundred Twenty–Two Dollars and Fifty–Seven Cents ($92,422.57)*, 307 F.3d 137, 152 (3d Cir. 2002) (citing *Massachusetts v. Sheppard,* 468 U.S. 981 (1984)). *See also Herring v. United States*, 555 U.S. 135, 136 (2009) (explaining that exclusionary rule can only be triggered where "police conduct" is "sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system"); *United States v. Leon*, 468 U.S. 897, 916, 920 (1984) (explaining goals of deterring police conduct would not be advanced "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate [judge] and acted within its scope").

Dewald's papers do not present any arguments that the officers acted in bad faith, and although Dewald raised this notion in the first instance during the evidentiary hearing, his argument was unpersuasive. The officer executing both the iPhone and laptop warrants testified that he believed his searches were authorized, and there was no evidence that the

## III. CONCLUSION

For the foregoing reasons, Dewald's Motion to Suppress Evidence will be denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

officer acted in anything other than in good faith. *See United States v. Hodge,* 246 F.3d 301, 305 (3d Cir.2001) (explaining that suppression of evidence is "inappropriate when an officer executes a search in objectively reasonable reliance on a warrant's authority").