# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 4:17-CR-25 |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| DAVID DEWALD | : | (Electronically Filed) |

## BRIEF IN SUPPORT OF POST-TRIAL MOTION FOR NEW TRIAL AND JUDGMENT OF ACQUITTAL

### *PROCEDURAL BACKGROUND*

On February 2, 2017, the Defendant, David Dewald, was charged in an Indictment with two (2) counts of Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e); two (2) counts of Attempted Coercion and Enticement of a minor, in violation of 18 U.S.C. § 2422(b); and one (1) count of Coercion and Enticement of a minor, in violation of 18 U.S.C. § 2422(b). (Doc. 1). Mr. Dewald entered a plea of not guilty on February 23, 2017. (Doc. 12).

On June 16, 2017 the Defendant's first appointed attorney filed a Motion to Suppress Evidence and Brief in Support. (Doc. 19). On January 14, 2019 an evidentiary hearing was held before Your Honor regarding the Defendant's Motion to Suppress Evidence. On January 18, 2019 an Order was filed by Your Honor denying the Defendant's Motion to Suppress Evidence. (Doc. 89).

On September 20, 2019 Undersigned Counsel filed Motions *In Limine* and a Brief in Support. (Doc. 103). On October 21, 2019 an Order was filed by Your Honor granting in part and denying in part Defendant's Motions *In Limine*. (Doc. 115). On November 4, 2019, a jury trial commenced. On November 8, 2019, the jury returned a verdict of "guilty" on all five (5) counts. (Doc. 129).

### ***BRIEF FACTUAL BRACKGROUND[1]***

Mr. Dewald was found guilty of: COUNT 1 – Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e), against Victim # 2 ("CW"); COUNT 2 – Attempted Coercion and Enticement of a minor, in violation of 18 U.S.C. § 2422(b), against Victim # 2 ("CW"); COUNT 3 – Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e), against Victim # 3 ("TE"); COUNT 4 – Attempted Coercion and Enticement of a minor, in violation of 18 U.S.C. § 2422(b), against Victim # 3 ("TE"); and COUNT 5 – Coercion and Enticement of a minor, in violation of 18 U.S.C. § 2422(b), against Victim # 1 ("BP").

Counts 1 and 2 arise out of electronic text messages sent between Mr. Dewald and CW in which the Government asserted that Mr. Dewald knowingly

---

[1] The facts provided herein are based on previous filings and counsel's recollection of the testimony at trial. Leave is requested to supplement/amend this brief after the trial transcript has been produced.

attempted to have a minor (CW) send him sexually explicit conduct. CW testified at trial that Mr. Dewald did not specifically request any sexually related photographs from CW after he learned that she was a minor. In addition, CW testified that at any point when Mr. Dewald did request photos, Mr. Dewald never gave her instructions: to pose a certain way, to take the photo in a specific location or her bedroom, or to make the focal point of the photo her genitals.

    Similarly, Counts 3 and 4 arise out of electronic text messages sent between Mr. Dewald and TE in which the Government asserted that Mr. Dewald knowingly attempted to have a minor (TE) send him sexually explicit conduct. TE testified at trial that she originally met Mr. Dewald on a website in which it was required that the users are eighteen (18) years of age to have an account on. Furthermore, TE testified that Mr. Dewald never gave her instructions to: pose a certain way in a photo, to take the photo in a specific location or her bedroom, or to make the focal point of the photo her genitals.

    Count 5 arises from communications and interactions between Mr. Dewald and BP between April 27, 2016 and May 11, 2016. The electronic communications produced as evidence at trial established that BP told Mr. Dewald that BP was eighteen (18) years old. BP however testified at trial that she allegedly told Mr. Dewald in person on April 29, 2016 that she was fourteen (14) when Mr. Dewald picked her up in his vehicle. BP further testified that Mr.

Dewald forced her to perform oral sex on him in his vehicle on April 29, 2016 and that Mr. Dewald raped her at his apartment in Bloomsburg on April 29, 2016. BP admitted at trial that she had previously lied while under oath at testifying regarding this case in state court.

## *ARGUMENT*

**I.  DEWALD IS ENTITLED TO A NEW TRIAL BECAUSE THE EVIDENCE DOES NOT SUPPORT THE VERDICT.**

The Middle District of Pennsylvania set forth the standard applicable in evaluating a motion for a new trail as follows:

> Under Rule 33 of the Federal Rules of Criminal Procedure, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Granting or denying a motion for a new trial "lies within the discretion of the district court." *United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006). A court evaluating a Rule 33 motion does not view the evidence favorably to the government but instead must "exercise[ ] its own judgment in assessing the Government's case." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002) (citation omitted). Rule 33 motions are disfavored and should be "granted sparingly and only in exceptional cases." *United States v. Silveus*, 542 F.3d 993, 1005 (3d Cir. 2008) (quoting *Gov't of V.I. v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987) ). Exceptional cases include those in which trial errors "so infected the jury's deliberations that they had a substantial influence on the outcome of the trial." *United States v. Thornton*, 1 F.3d 149, 156 (3d Cir. 1993) (citation omitted).

*United States v. Fuhai Li*, No. 3:16-CR-0194, 2019 WL 1126093, at *4 (M.D. Pa. Mar. 12, 2019).

The evidence adduced at trial does not support convictions for any of the five (5) counts charged against Mr. Dewald. As stated in the Court's jury instructions, for Counts 1 and 3 the Government was required to prove beyond a reasonable doubt that: (1) Mr. DeWald knowingly employed, used, persuaded, induced, enticed, or coerced a person under the age of 18 to take part in sexually explicit conduct; (2) Mr. DeWald acted with the purpose of producing a visual depiction of that conduct; (3) Mr. DeWald believed that the individual was less than 18 years of age; and (4) Mr. DeWald either knew or had reason to know that the visual depiction will be transported in interstate commerce, or that the visual depiction has actually been transported in interstate commerce. (Doc. 130 at 19).

The Court's jury instructions stated for Counts 2 and 4 the Government was required to prove beyond a reasonable doubt that: (1) Mr. DeWald knowingly attempted to persuade, induce, entice, or coerce a person under the age of 18 to engage in sexual activity; (2) Mr. DeWald used a facility or means of interstate commerce to do so; (3) Mr. DeWald believed that the individual was less than 18 years of age; and (4) if sexual activity had occurred, Mr. DeWald could have been charged with the criminal offenses [respectively relating to Counts 1 and 3]. (Doc. 130 at 24).

The Court's jury instructions further explained:

> "Sexually explicit conduct" means actual or simulated graphic sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals, anus, or pubic area of any person. Not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material.
>
> To determine whether a visual depiction is lascivious, you may consider such factors as whether: (1) the focal point of the visual depiction is on the child's genitalia or pubic area; (2) the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; (3) the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; (4) the child is fully or partially clothed or nude; (5) the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive—meaning you may consider other factors—and no single factor is dispositive.

(Doc. 130 at 21).

The Court's jury instructions for Count 5 stated that the Government must prove beyond a reasonable doubt that: (1) Mr. DeWald knowingly persuaded, induced, enticed, or coerced a person under the age of 18 to engage in sexual activity; (2) Mr. DeWald used a facility or means of interstate commerce to do so; (3) Mr. DeWald believed that the individual was less than 18 years of age; and (4) if sexual activity did or had occurred, Mr. DeWald could have

been charged with the criminal offense [involuntary deviate sexual intercourse with a person under the age of 16 under the laws of Pennsylvania]. (Doc. 130 at 26-27).

There was not sufficient evidence produced at trial to support a conclusion that Mr. Dewald knew that he was communicating with minors at the time he requested any sexually suggestive photos for Counts 1, 2, 3, and 4. Additionally, there was not sufficient evidence produced at trial to support a conclusion that the photos solicited by Mr. Dewald would be considered lascivious as required to meet the element of sexually explicit conduct for Counts 1, 2, 3, and 4.

There was not sufficient evidence produced at trial to support a conclusion that Mr. Dewald knew that BP was a minor at the time he was communicating and interacting with her for Count 5. This is an exceptional case contemplated by Rule 33 that requires the granting of a new trial.

## II. DEWALD IS ENTITLED TO A JUDGEMENT OF AQUITAL

The standard applicable for evaluating a motion for a judgment of acquittal is as follows:

> On a motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, the court must decide whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" based on the evidence presented at trial. *United*

*States v. Caraballo-Rodriguez*, 726 F.3d 418, 431 (3d Cir. 2013) (en banc ) (*quoting Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) )… The court must view the evidence in a light most favorable to the prosecution and must deny the motion "if there is substantial evidence ... to uphold the jury's decision." *Caraballo-Rodriguez*, 726 F.3d at 430 (quoting *United States v. Gambone*, 314 F.3d 163, 170 (3d Cir. 2003)). Under this highly deferential standard of review, it is not the court's task to "act as the thirteenth juror," weigh credibility, assign weight to evidence, or "substitute [its] judgment for that of the jury." *Id*. (citations omitted). The decision to overturn a conviction based on insufficient evidence may only be made "where the prosecution's failure is clear," *United States v. Leon*, 739 F.2d 885, 890 (3d Cir. 1984) (quoting *Burks v. United States*, 437 U.S. 1, 17, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) ), or where the verdict "fall[s] below the threshold of bare rationality," *Caraballo-Rodriguez*, 726 F.3d at 431.

*United States v. Delgado*, 367 F. Supp. 3d 286, 291 (M.D. Pa. 2019). For the reasons set forth above, and as will be fully developed after the production of the trial transcript, it must be said that no rational trier of fact could have found the essential elements of this crime beyond a reasonable doubt based on the evidence presented at trial. The only evidence presented was based on mere speculation and testimony of discredited witnesses in which do not support a conviction.

      WHEREFORE, the Defendant, David Dewald, respectfully requests that a judgement of acquittal be granted, or, in the alternative, that the verdict be set aside and a new trial granted.

Date:  November 22, 2019        /s/ Christopher Opiel

**Christopher Opiel, Esq.**
**CJA Appointed Counsel**
**Attorney ID# PA318776**

Opiel Law
88 North Franklin Street
Wilkes-Barre, Pennsylvania 18701
(570) 417-1436
Fax: (570) 825-6675
Email: cropiel@gmail.com
Attorney for David DeWald

# CERTIFICATE OF SERVICE

I, Christopher Opiel, CJA appointed counsel, do hereby certify that this document, the foregoing **Brief**, filed electronically through the ECF system will be sent to the registered Participants as identified on the Notice of Electronic Filing, including the following:

    Francis Sempa, Esquire
    Assistant United States Attorney


Date: November 22, 2019        /s/ Christopher Opiel
                                        **Christopher Opiel, Esq.**
                                        **CJA Appointed Counsel**